# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | **A-16-CV-747 LY** |
| V. | § | **(A-10-CR-637 LY)** |
| | § | |
| MATTHEW RIOS | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court is Matthew Rios's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, filed on June 24, 2016. Dkt. No. 36. The undersigned magistrate judge submits this Report and Recommendation pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules.

## I. GENERAL BACKGROUND

Pursuant to a plea agreement, on November 15, 2010, Matthew Rios pled guilty to a single-count indictment charging him with being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Dkt. No. 20. On January 18, 2011, the District Court accepted Rios's plea and sentenced him to a 92 months of imprisonment, followed by a three-year term of supervised released, and a $100 special assessment fee. Dkt. No. 31. Rios's sentence was enhanced under a Guideline provision because he had two prior convictions for robbery that met the definition of "crime of violence" under the residual clause of U.S.S.G. § 2K2.1. Dkt. No. 36 at 5. Rios did not appeal his conviction or sentence. *Id.* at 2.

On June 24, 2016, Rios filed the instant Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. In this motion, Rios argues that the enhancement under the residual

clause in U.S.S.G. § 2K2.1 should be vacated and that he should be resentenced without enhancement because of the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). *Id.* at 5. On July 28, 2016, this Court issued a Standing Order staying all 28 U.S.C. § 2255 motions challenging Sentencing Guidelines sentences on the basis of *Johnson*, pending the outcome of *Beckles v. United States*, 137 S. Ct. 886 (2017), then pending before the Supreme Court. Dkt. No. 37. On March 6, 2017, the Supreme Court held in *Beckles* that the Sentencing Guidelines were not subject to Due Process Clause vagueness challenges because they are advisory and are used by judges in a discretionary manner to determine sentencing within a statutory range. *Beckles*, 137 S. Ct. at 892.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations period for filing a § 2255 motion in federal court. 28 U.S.C. § 2255(f). A § 2255 movant generally must file his claim for relief within one year of the date when his conviction becomes final. *Id.* at § 2255(f)(1). As noted above, the District Court sentenced Rios and entered its Judgment on January 18, 2011. Dkt. No. 31. When a defendant does not file a direct appeal, as in this case, his conviction becomes final on the day when the time for filing a direct appeal expires. *United States v. Scruggs*, 691 F.3d 660, 669 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 1282 (2013). Accordingly, Rios's conviction became final on February 1, 2011. *See* FED. R. APP. P. 4(b)(1)(A) (a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment). Because Rios did not file the instant motion until June 24, 2016, his petition is time barred under § 2255(f)(1).

Rios attempts to rely on the Supreme Court's decision in *Johnson* to overcome this problem, arguing that the limitations question in his case is governed by § 2255(f)(3). *See* Dkt. No. 36 at 5. Under subsection (f)(3), the one-year limitations period does not run from the date a conviction became final, but instead from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Rios appears to be asserting that the *Johnson* case fits within the (f)(3) definition, and also gives him a right to relief, and thus his motion to vacate is not time-barred. However, Rios's reliance on *Johnson* is misplaced and is further undermined by the Supreme Court's holding in *Beckles*.

In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague. *Johnson*, 135 S. Ct. at 2563. In *Welch v. United States*, 136 S. Ct. 1257 (2016), the Supreme Court held that *Johnson* applied retroactively to cases on collateral review. *Id*. at 1265. Rios, however, was not sentenced under the ACCA. Instead, Rios was sentenced under 18 U.S.C. § 922(g)(1). Dkt. No. 20. Furthermore, the only provision that the Supreme Court in *Johnson* found to be unconstitutional was the residual clause of the ACCA, which is not at issue in this case. *See Johnson*, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Therefore, § 2255(f)(3), which applies only if the right is one "newly recognized by the Supreme Court," has no application in this case. *See Galvan v. United States*, 2016 WL 3855881 at * 2 (N.D. Tex. July 5, 2016) (holding that *Johnson* did not save § 2255 from being time-barred where petitioner had not been sentenced under ACCA); *See also United States v. Chambers,* 2016 WL 3269739 at *2 (S.D. Tex. June 15, 2016) (same).

Furthermore, the Supreme Court's decision in *Beckles* forecloses Rios's reliance on *Johnson*. In *Beckles*, the Court held that the Sentencing Guidelines are advisory, not statutory like the ACCA, because they "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Beckles*, 137 S. Ct. at 892. In addition, the Court held that " . . . our cases have never suggested that a defendant can successfully challenge as vague a sentencing statute conferring discretion to select an appropriate sentence from within a statutory range . . ." *Id*. at 893. Thus, the Sentencing Guidelines' discretionary status makes them "not subject to a vagueness challenge under the Due Process Clause." *Id*. at 892. To put it another way, *Beckles* made it clear that *Johnson* does not give Rios any right to relief from the sentence he received, and because *Johnson* is inapplicable, the applicable limitations provision for Rios' case is found in § 2255(f)(1). Rios' motion is therefore time-barred. And even if it were not, in *Beckles* the Supreme Court rejected the very argument Rios is raising in his motion.

## III. RECOMMENDATION

Based upon the foregoing, the Magistrate Court **RECOMMENDS** that the District Court **DENY** Matthew Rios's Motion to Vacate, Set Aside, or Correct Illegal Sentence under 28 U.S.C. § 2255 (Dkt. No. 36) as time-barred and as lacking in merit.

## IV. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations within fourteen days after the party

is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

## V. CERTIFICATE OF APPEAL

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability ("COA") may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* Furthermore, "When a district court denies a habeas petition on procedural grounds without

5

reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the denial of Rios's § 2255 motion on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327(2003) (citing *Slack*, 529 U.S. at 484). Accordingly, it is recommended that a certificate of appealability not be issued.

SIGNED this 24th day of August, 2017.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE